## JAMES WHITLEY v. CITY OF DURHAM.

(Filed 13 December, 1961.)

**Municipal Corporations § 12—**

> The evidence in this case *is held* not to disclose contributory negligence as a matter of law on the part of a motorist in failing to anticipate that loose dirt, stones, and cinders around a manhole protruding some several inches above the surface of the street would give way and permit his car, when it was driven over the manhole, to drop on the manhole, throwing plaintiff against the door of the car, causing it to open, and plaintiff to fall to his injury.

APPEAL by plaintiff from *Williams, J.,* June 1961 Civil Term of DURHAM.

This action was begun in the Civil County Court of Durham County on 22 December 1960 to recover for personal injuries sustained when defendant's motor vehicle, on the night of 26 September 1959, collided with the top of a manhole in Chautauqua, one of the public streets of Durham. Plaintiff alleged his injuries were proximately caused by defendant's negligent failure to keep said street in reasonable repair as required by G.S. 160-54. Damages in the sum of $515 were alleged.

Defendant denied the alleged negligence and as an additional defense pleaded contributory negligence.

Issues arising on the pleadings were answered as follows:

"1. Was the plaintiff damaged by the negligence of the defendant, as alleged in the Complaint?

"ANSWER: Yes.

"2. If so, did the plaintiff, by his own negligence contribute to the damages sustained, as alleged in the Answer?

"ANSWER: No.

"3. In what amount, if any, is the plaintiff entitled to recover of the defendant?

"ANSWER: $200.00."

Thereupon judgment was entered in plaintiff's favor for $200 plus costs, including an attorney's fee of $150. Defendant excepted and appealed to the Superior Court as authorized by G.S. 7-378. It assigned as error the refusal of the trial court to allow its motion of nonsuit. Judge Williams held the evidence established contributory negligence. He thereupon reversed the trial court and dismissed the action. From that judgment plaintiff appealed to this Court.

*Lisbon C. Berry, Jr. and Daniel K. Edwards for plaintiff appellant.*
*Claude V. Jones for defendant appellee.*

PER CURIAM.  On oral argument counsel for defendant properly conceded the evidence was sufficient to support the answers to the first and third issues, and if plaintiff was entitled to recover, the attorney's fee fixed by the court was within the statutory authority of that court. G.S. 6-21.1.

The sole question for decision therefore is: Does the evidence establish as a matter of law plaintiff's negligence proximately contributing to his injury? Our examination leads to the conclusion that the answer is no.

The evidence permits these factual inferences: The collision occurred at night. Plaintiff was traveling 15 to 20 m.p.h. His lights were on and in good condition. Chautauqua connects Cecil and Nelson Streets. These intersections were lighted, but there were no lights between Cecil and Nelson. The manhole was midway between the streets and in the center of Chautauqua. Chautauqua was a dirt street with cinders and stone scattered on the surface. There was a ditch on each side of the street. The street had been graded with sharp declines to the ditches. Vehicles traveling in the direction plaintiff was going had to pass over the manhole to stay out of the ditch. The manhole protruded two or three inches above the surface of the ground. The center of Chautauqua Street was raised all the way from Cecil to Nel-

son. The car tracks on each side were lower than the center of the street. There was loose dirt and rock around the manhole. The under portion of the automobile struck the elevated part of the manhole. Plaintiff was thrown against the door of his car, causing it to open. He fell or was thrown out and knocked unconscious.

The description given would not, in our opinion, cause a prudent motorist to anticipate the loose stone, dirt, and cinders around the manhole would be pushed aside by the automobile, permitting it to drop on the manhole. Whether the injury was proximately caused by plaintiff's negligence was, as the trial court held, a question to be determined by the court sitting as a jury and not by the court as a matter of law.

The judgment of the Superior Court which sustained defendant's motion to nonsuit and for that reason dismissed the action is

Reversed.