YEARGIN CONSTRUCTION COMPANY, INC. v. FUTREN DEVELOP-
MENT CORPORATION

Nos. 7526SC798 and 7526SC953

(Filed 16 June 1976)

1. Attorney and Client § 7— attorneys' fees — no recovery by successful
   litigants

   The trial court did not err in denying plaintiff's motion for attorneys' fees in an amount representing ten percent of the principal amount of the jury verdict, as the contract of the parties provided, since attorneys' fees are not recoverable by successful litigants in this State, as such are not regarded as a part of the court costs. Ordinarily, attorneys' fees are recoverable only when expressly authorized by statute.

2. Attorney and Client § 7— attorneys' fees — provision in contract for
   — no evidence of indebtedness

   In this action to recover sums due for breach of contract to build condominiums, recovery of attorneys' fees was not authorized by the provision of G.S. 6-21.2 that "obligation to pay attorneys' fees upon any note, conditional sale contract or *other evidence of indebtedness* . . . shall be valid and enforceable," since the parties' contract providing for recovery of 10 percent of any sum collected through litigation as attorneys' fees did not amount to an "evidence of indebtedness" within the meaning of the statute.

APPEAL by plaintiff and defendant from *Thornburg, Judge.* Judgment entered 18 June 1975, and order entered 23 June 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 May 1976.

In its complaint plaintiff alleges that it entered into a contract with defendant to construct condominiums on land owned by defendant; that defendant breached the contract by failing to make payments as agreed upon, by delaying construction so that plaintiff incurred additional costs, and by requiring plaintiff to perform extra work. Plaintiff prayed for judgment in amounts aggregating $470,506.

Defendant filed answer in which it admitted entering into the contract attached to the complaint but denied any breach of the contract. It further pleaded a counterclaim in which it alleged that plaintiff breached the contract by failing to construct the condominiums in accordance with the plans and specifications and by abandoning work on the project. Defendant prayed for judgment against plaintiff for amounts aggregating $589,410.

Issues were submitted to and answered by the jury as follows:

1. Did defendant Futren Development Corporation breach its construction contract with plaintiff Yeargin Construction Company, Inc.?

ANSWER: Yes.

2. If so, what amount was plaintiff Yeargin Construction Company, Inc., damaged by such breach?

ANSWER: $319,000 plus interest.

3. Did plaintiff Yeargin Construction Company, Inc. breach its construction contract with defendant Futren Development Corporation?

ANSWER: No.

4. If so, what amount was Futren Development Corporation damaged by such breach?

ANSWER:

The court entered judgment in favor of plaintiff for $319,000 plus interest and costs. Defendant appealed from the judgment. In a separate order the court denied plaintiff's motion for the recovery of attorneys' fees and plaintiff appealed from the order. The parties filed separate appeals but we have ordered the appeals consolidated.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and William P. Farthing, Jr., and Haynsworth, Perry, Bryant, Marion & Johnstone, by Charles T. Roy, Jr., for plaintiff appellant-appellee.*

*William H. Ashendorf and Perry, Patrick, Farmer & Michaux, by Roy H. Michaux, Jr., for defendant appellant-appellee.*

BRITT, Judge.

## PLAINTIFF'S APPEAL

[1]   The sole question presented by plaintiff's appeal is whether the trial court erred in denying plaintiff's motion for attorneys' fees in amount of $31,900, representing ten percent of the principal amount of the verdict. We hold that the court did not err in denying the motion.

The contract between the parties contains the following provision:

"In the event any Progress Payment or any final payment, or any part of either of same, shall not be paid when and as the same shall become due and payable as provided herein, such Progress Payment or final payment, or part thereof as shall be past due shall bear interest at the rate of ten percent (10%) per annum, and in the event of any such nonpayment, if same be placed in the hands of an attorney for collection or if collected through any bankruptcy proceedings or any other court action, Owner agrees to pay, in addition to all other sums due or to become due hereunder, an additional ten percent of any monies so unpaid as attorneys' fees."

Plaintiff argues that under the common law of our State, parties may contract for the payment of attorneys' fees in the event of litigation based on the contract. We do not find this argument persuasive.

The first expression of our Supreme Court on this question was in *Tinsley v. Hoskins*, 111 N.C. 340, 16 S.E. 325 (1892). There the court held that a stipulation in a promissory note "that in case this note is collected by legal process the usual collection fee shall be due and payable" is not consistent with public policy, therefore, the same is not enforceable.

Construction Co. v. Development Corp.

In *Parker v. Realty Company,* 195 N.C. 644, 646, 143 S.E. 254, 256 (1928), the court stated with approval the general rule that " '[a]ttorneys' fees are not recoverable by successful litigants in this State, as such are not regarded as a part of the court costs'." The court further declared that "[t]his rule has been applied to suits on promissory notes, breach of contract, personal injury and injunctions."

It appears to be well established that ordinarily attorneys' fees are recoverable only when expressly authorized by statute. *Horner v. Chamber of Commerce,* 236 N.C. 96, 72 S.E. 2d 21 (1952). *See also Hoskins v. Hoskins,* 259 N.C. 704, 131 S.E. 2d 326 (1963) ; *Wachovia Bank & Trust Company v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578 (1952) ; *Credit Corporation v. Wilson,* 12 N.C. App. 481, 183 S.E. 2d 859 (1971), *aff'd,* 281 N.C. 140, 187 S.E. 2d 752 (1972).

[2] Plaintiff next argues that assuming the common law does not allow recovery of attorneys' fees in this case, their recovery is authorized by G.S. 6-21.2 (enacted in 1967) which provides in pertinent part: "Obligations to pay attorneys' fees upon any note, conditional sale contract or *other evidence of indebtedness* . . . shall be valid and enforceable. . . ." (Emphasis added.) Plaintiff contends that the provision of the contract quoted above is an "evidence of indebtedness" in the contemplation of the statute. We reject this argument.

In *Brown v. Brown,* 213 N.C. 347, 196 S.E. 333 (1938), the Supreme Court held that while all questions of public policy are for the determination of the Legislature, a statute will not be construed to alter established principles of public policy founded on good morals unless that intent is clearly and unequivocally expressed in the statute. We think the rule of strict construction must be applied to G.S. 6-21.2 and that when the statute is strictly construed, the interpretation urged by plaintiff cannot be given.

For the reasons stated, the order from which plaintiff appeals is affirmed.

### DEFENDANT'S APPEAL

Defendant's sole assignment of error relates to exceptions to three portions of the trial court's charge to the jury. Suffice it to say, we have carefully reviewed the entire charge, with

Stewart v. Dept. of Corrections

particular reference to defendant's exceptions, and conclude that defendant has failed to show prejudicial error.

On plaintiff's appeal — affirmed.

On defendant's appeal—no error.

Judges VAUGHN and ARNOLD concur.