RUFF v. PAREX, INC.

[131 N.C. App. 534 (1998)]

―――――――――――

WILLIAM ARTHUR RUFF, AND WIFE BARBARA ANN RUFF, PETER T. BROWN, AND WIFE MARLEE MURPHY BROWN, JOAN BOZEMAN, ROBERT F. PENTZ, ERNEST L. LIBORIO, AND WIFE LOIS P. LIBORIO, MARY FRANCES DILLON, DON CLARK, AND WIFE PATRICIA A. CLARK, AND ANDREW J. HUTCHINSON, AND WIFE CAROL A. HUTCHINSON, AND MILLER HOMES, INC., F/K/A RUSTIC HOMES OF WILMINGTON, INC., PLAINTIFFS v. PAREX, INC., STO CORP., W. R. BONSAL COMPANY, CONTINENTAL STUCCO PRODUCTS, SENERGY, INC., AND THOMAS WATERPROOF COATINGS CO., DRYVIT SYSTEMS, INC., UNITED STATES GYPSUM CO., AND SHIELDS INDUSTRIES, INC., DEFENDANTS

No. COA98-305

(Filed 1 December 1998)

**Parties— motion to add—denied—failure to exercise discretion**

An order by the trial court denying defendants' motion to add third parties was reversed and remanded where plaintiffs instituted a class action against the manufacturers of synthetic stucco; defendants contended that plaintiffs' problems were caused by the faulty conduct of various builders, subcontractors, and window manufacturers and sought to add those parties to the class action lawsuit; and the trial court reluctantly denied the motions because it felt it was without authority to undo the prior certification and the addition of parties would make it impractical to try the action as a class action. The trial court thought it was without authority to act and did not exercise its jurisdiction, but the record shows that the trial court failed to consider other methods available under the Rules of Civil Procedure which would render such large additions practical and the case was remanded to give the court the opportunity to exercise its discretion.

**RUFF v. PAREX, INC.**

[131 N.C. App. 534 (1998)]

Appeal by defendants from order denying their motion to add third parties entered on 2 December 1997 by Special Superior Court Judge for Complex Business Cases Ben F. Tennille. Heard in the Court of Appeals 23 September 1998.

Plaintiffs are homeowners whose residences are clad with Exterior Insulation Finish Systems (EIFS), popularly known as synthetic stucco. Defendants manufacture EIFS or its components. Plaintiffs instituted this class action and contend the EIFS on their homes were defective as manufactured. Plaintiffs further contend defendants were aware of the defects, but nonetheless distributed EIFS to plaintiffs, causing them to be damaged.

Defendants contend their products were not defective, and instead claim that plaintiffs' problems were caused by the faulty conduct of various builders, subcontractors, and window manufacturers. Defendants Parex, Inc., Sto Corp, Senergy, Inc., Dryvit Systems, Inc., and W. R. Bonsal Company, sought to add the parties they considered "responsible" for plaintiffs' damages to the class action lawsuit so that they could seek contribution and indemnity. Defendants contend that if the parties are not added, defendants would likely lose any rights against them due to the bar imposed by the applicable statutes of repose.

The trial court recognized that "substantial rights" of defendants were involved, but considered itself bound by the prior certification of the class action and did not "see any practical way to try this case as a class action if the additional defendants are added." Consequently, the trial court denied defendants' motion, and defendants appeal. Plaintiffs moved to dismiss the appeal as interlocutory and also moved for sanctions. Recognizing that their appeal might be held to be interlocutory, defendants filed a petition for certiorari.

*Shipman & Associates, L.L.P., by Gary K. Shipman, for plaintiff appellees.*

*Womble Carlyle Sandridge & Rice, by Jerry S. Alvis, for defendant appellants.*

HORTON, Judge.

Considering the substantial interests involved, we allow in our discretion defendants' refiled petition for certiorari and consider the appeal on its merits pursuant to N.C.R. App. P. 2.

Defendants assign error to the denial of their motions to join third parties and to the conclusion of the trial court that it was bound by the class certification orders previously entered by another trial judge. The first issue on appeal is whether the trial court failed to exercise its discretionary power when it concluded that it was bound by the class certification orders and that it was compelled to impair defendants' substantive rights in order to keep the class action manageable or maintainable in class form. For the reasons stated below, we find the trial court did fail to exercise its discretion.

In wrestling with the "irreconcilable contradictions" presented by the motions to add parties, the trial court found that: (1) there are a number of common issues of fact and law in plaintiffs' claims against the original defendants; (2) plaintiff class members have potential claims against other potential defendants, including those persons that defendants in this case seek to add to this action, but such potential claims do not include many common issues of fact and law; (3) in individual cases, all parties can be joined and all claims resolved; mediation may be helpful in resolving these claims, but the existence of the class action may be a detriment to mediation efforts; 462 plaintiffs have opted out of this class; there are other lawsuits involving EIFS claims against defendants not named in this suit; the North Carolina court system may not be able to handle thousands of individual suits; (4) although mediation has been unsuccessful to date, a class action provides a vehicle for settlement of claims of this sort; and (5) it is inevitable that parties such as builders, subcontractors and architects will be involved in the discovery process and evidentiary presentations at trial, which was a primary reason the federal court denied class action certification in the federal action generally asserting the same claims.

The trial court then made its crucial findings as follows:

> * * * Thus, Defendant EIFS manufacturers argue with some logic that they would be denied substantial rights if they cannot join additional parties to the class action. It may also be true, as Defendants suggest, that the loss of such rights or the requirement to pursue those rights on an individual case by case basis could force some of the defendants into bankruptcy. *There may be no practical way Defendants can preserve their rights if the Court does not grant their motion.*

> *Last, but most compelling, the barriers to a fair, effective and timely adjudication of the claims against the Defendants*

**RUFF v. PAREX, INC.**

[131 N.C. App. 534 (1998)]

*in this action are insurmountable if Defendants' motions are granted.* The benefits of the class action mechanism for settlement do not extend to trial in cases such as this. This Court simply cannot conceive of a fair, efficient and timely way to try this case to a jury (or without one) if Defendants['] motions are granted. . . . The answers to those questions demonstrate the impossibility of trying such a massive lawsuit. *It cannot be done in a fair, just, effective and timely manner.* The Court has already indicated its intention to try this case beginning in July of 1998. If the motions were granted, discovery would not be over until the next century.

Based on its findings, the trial court then concluded:

Thus, there exist clear and irreconcilable conflicts between concluding this case as a class action as originally certified and permitting Defendants' exercise of the substantial rights sought in the motions to add additional parties. *This Court is without authority to undo the prior certification and cannot see any practical way to try this case as a class action if the additional defendants are added.* Therefore, it is ORDERED that Defendants' motions are denied.

In light of the unusual nature and significance of this ruling, which this Court finds may deprive the defendants of substantial legal rights, this Court believes *this ruling may be an appropriate circumstance for the Court of Appeals to issue a writ of certiorari* should it decide, in its discretion, to do so pursuant to Rule 21 of the Rules of Appellate Procedure.

(Emphasis added).

Neither party argues the trial court abused its discretion in denying the motion. Instead, defendants contend the trial court failed to exercise its discretion. In the instant case, the trial court reluctantly denied the motions because it felt it was without authority to undo the prior certification and the addition of parties made it "impractical" to try the action as a class action. However, the record shows the trial court failed to consider other methods available under our Rules of Civil Procedure which would render such large additions of parties practical.

For example, N.C. Gen. Stat. § 1A-1, Rule 14 (1990) provides that once a third party has been added, any party may move for a sever-

ance or a separate trial of the third-party claim. In the instant case, the trial court could protect defendants' rights to bring in third-party defendants, as well as keep the class action manageable, by adding the parties and then severing the third-party claims.

"Where a trial court, under a misapprehension of the law, has failed to exercise its discretion regarding a discretionary matter, that failure amounts to error which requires reversal and remand." *Robinson v. General Mills Restaurants*, 110 N.C. App. 633, 637, 430 S.E.2d 696, 699, *disc. reviews allowed*, 334 N.C. 623, 435 S.E.2d 340-41 (1993), *disc. review improvidently allowed*, 335 N.C. 763, 440 S.E.2d 274 (1994). Since the trial court in the instant case thought it was without authority to act and instead invited this Court to act, the trial court did not exercise its discretion. Therefore, this case must be reversed and remanded to give the trial court the opportunity to exercise its discretion.

For the foregoing reasons, the decision of the trial court is

Reversed and remanded.

Judges MARTIN, John C. and TIMMONS-GOODSON concur.