JIMMIE B. HICKS, JR. AND WIFE BETH B. HICKS, PLAINTIFFS v. CLEGG'S TERMITE AND PEST CONTROL, INC., DEFENDANT

No. COA98-616

(Filed 16 February 1999)

**Costs— attorney fees—contract action**

The trial court did not err by denying attorney's fees under N.C.G.S. § 6-21.1 in an action arising from a contract to inspect plaintiff's property for termites where the only two issues presented to the jury were whether defendant breached its contract to plaintiffs and the amount of damages. There is no mention of breach of contract cases in the current version of N.C.G.S. § 6-21.1, just as such a cause of action was omitted when the statute was established in 1959 and amended in 1963, 1967, 1969, 1979, and 1986. The Legislature has had ample opportunity to extend the statute's remedial provisions to causes of action it intends to cover.

Judge WALKER concurring.

Appeal by plaintiffs from order filed 6 April 1998 by Judge James E. Ragan, III, in Craven County Superior Court. Heard in the Court of Appeals 13 January 1999.

*Sumrell, Sugg, Carmichael & Ashton, P.A., by Scott C. Hart, for plaintiff-appellants.*

*Hutson Hughes & Powell, P.A., by Kathryn P. Fagan, for defendant-appellee.*

LEWIS, Judge.

Plaintiffs had a contract with defendant under which defendant was to inspect plaintiffs' property for termites. After their home was damaged by termites, plaintiffs filed an action against defendant in Craven County Superior Court alleging breach of contract, negligence, breach of express warranty, breach of implied warranty, specific performance, fraud, and unfair trade practices. The case was tried before a jury, and at the close of plaintiffs' evidence the trial court presented only two issues to the jury: whether defendant breached its contract with plaintiffs and if so, the amount of damages plaintiffs sustained. On 12 February 1998 the jury unanimously answered that defendant had breached its contract, and that plaintiffs had sustained damages in the amount of $2,030.00 as a result. Plaintiffs then moved for attorney's fees under N.C. Gen. Stat. section 6-21.1 (1997).

In an order signed 30 March 1998 and filed 6 April 1998, the presiding judge found that plaintiffs were "not entitled to attorney's fee since this was as [sic] action for breach of contract with property damage." The court further found that it did not have discretion to order attorney's fees in this breach of contract case, but that if it did, it would have allowed attorney's fees in the amount of $9,750.00. From this decision plaintiffs appeal, arguing only that the trial court did in fact have discretion to award attorney's fees under section 6-21.1.

The sole issue to be decided in this case is one of statutory interpretation. The statute at issue, entitled "Allowance of counsel fees as part of costs in *certain* cases" (emphasis added), reads in relevant part:

> In any personal injury or property damage suit, . . . where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

## HICKS v. CLEGG'S TERMITE & PEST CONTROL, INC.

[132 N.C. App. 383 (1999)]

G.S. § 6-21.1. Plaintiffs argue that because this breach of contract case involved property damage, they are entitled to attorney's fees under section 6-21.1. They attempt to support this assertion by citing *Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (1973), a case resulting from a suit filed when a plaintiff's automobile was damaged as a result of the defendant's alleged negligence. In that case, our Supreme Court interpreted the statute and stated, "This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope." *Id.* at 239, 200 S.E.2d at 42.

We look, then, at the intended scope of this statute. It appears from the title of the statute that it is to apply to "certain cases," and from the text of the statute it seems clear that these certain cases are "personal injury or property damage suit[s]," as well as particular suits against insurance companies. G.S. § 6-21.1. There is no mention of breach of contract cases in the current version of section 6-21.1, just as such a cause of action was omitted from the purview of this statute when it was established in 1959 and amended in 1963, 1967, 1969, 1979, and 1986. It is well worth noting that the provisions regarding suits against insurance companies were not in the original version of the statute, either. They were added by amendment in 1967, just as breach of contract cases could have been at that time or any time since, had the legislature so intended.

"It appears to be well established that ordinarily attorneys' fees are recoverable only when expressly authorized by statute." *Construction Co. v. Development Corp.*, 29 N.C. App. 731, 734, 225 S.E.2d 623, 625, *disc. review denied*, 290 N.C. 660, 228 S.E.2d 459 (1976). The consumer relief sought by plaintiffs is available in Chapter 75 of our statutes and, as noted in plaintiffs' complaint, N.C. Gen. Stat. section 75-16.1 (1994) provides for the awarding of attorney's fees in unfair trade practices actions. Plaintiffs' unfair trade practices claim, however, did not reach the jury, and plaintiffs do not appeal from the trial court's decision to limit the jury's deliberations to breach of contract issues.

This is clearly a case in contract. To embrace property damages under this statute because some damage may have resulted from the termites would be to make attorney's fees in every contract case compensable by extending the damages to some sort of property or personal injury. Nearly forty years have now passed since G.S. section 6-21.1 was made the law of this state, and the legislature has had

ample opportunity to extend the statute's remedial provisions to the causes of action it intends to cover. Such an extension was made in 1967 for certain insurance cases, and breach of contract claims could be addressed just as easily if the legislature wished to include them among the "certain cases" it enumerates in the statute. It has not chosen to do so, and we are unable to do so now by reading additional words into the plain language of the statute. As such, we affirm the trial court's decision to deny attorney's fees under the statutory theory cited by plaintiffs.

Affirmed.

Judge TIMMONS-GOODSON concurs.

Judge WALKER concurs with separate opinion.

Judge WALKER concurring.

I write to express my concern over the language in N.C. Gen. Stat. § 6-21.1 (1997). The statute allows recovery of attorney fees at the discretion of the trial court in personal injury or property damage suits, which seems to allow recovery only in cases arising out of negligence. It is true that attorney fees are recoverable only when expressly granted by statute. *See Construction Co. v. Development Corp.*, 29 N.C. App. 731, 734, 225 S.E.2d 623, 625, *disc. review denied*, 290 N.C. 660, 228 S.E.2d 459 (1976). However, our Supreme Court held in *Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973), that this statute "should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope." The General Assembly should extend this statute to clearly permit recovery of attorney fees in cases such as this.