DONALD F. SWAIN, AND WIFE, ANN W. SWAIN, PLAINTIFFS v. PRESTON FALLS EAST, L.L.C.; FOGLEMAN & WILLIAMS DEVELOPMENTS, INC.; JOHN D. REYNOLDS, INDIVIDUALLY AND D/B/A REYNOLDS CONSTRUCTION OF CHAPEL HILL, LLC; AND STO CORP.; DEFENDANTS

No. COA02-266

(Filed 4 March 2003)

**Construction Claims— synthetic stucco—contributory negligence**

The trial court did not err by granting summary judgment in favor of defendants dismissing with prejudice plaintiffs' claims for negligence, breach of implied warranty of merchantability, negligent misrepresentation, gross negligence, unfair and deceptive practices, negligence per se, and breach of implied warranty of fitness for a particular purpose arising out of the purchase of a townhouse finished with synthetic stucco based on plaintiffs' contributory negligence, because: (1) an inspector stated in his report to plaintiffs that the stucco siding was beyond his expertise and thus it was not inspected for moisture intrusion; and (2) considering the indications plaintiffs received that synthetic stucco was problematic, their failure to engage the services of a qualified inspector to inspect the stucco before plaintiffs purchased the townhouse constitutes contributory negligence as a matter of law regardless of the assurances plaintiffs received from their realtor and the seller.

SWAIN v. PRESTON FALLS E., L.L.C.

[156 N.C. App. 357 (2003)]

Appeal by plaintiffs from order entered 16 October 2001 by Judge Henry W. Hight, Jr., in Wake County Superior Court. Heard in the Court of Appeals 22 January 2003.

*Lewis & Roberts, PLLC, by Daniel K. Bryson and Kurt F. Hausler, for plaintiff-appellants.*

*Young Moore and Henderson, P.A., by Brian E. Clemmons and Robert C. deRosset, for defendant-appellee Fogleman & Williams Developments, Inc.*

*Bailey & Dixon, L.L.P., by David Coats, for defendant-appellee John D. Reynolds, individually and d/b/a Reynolds Construction of Chapel Hill, LLC.*

McCULLOUGH, Judge.

Plaintiffs appeal from an order of summary judgment entered by the trial court dismissing with prejudice their claims against defendants Fogleman & Williams Developments, Inc. ("Fogleman") and John D. Reynolds, individually and d/b/a Reynolds Construction of Chapel Hill, L.L.C. ("Reynolds").

On 31 March 1999, plaintiffs purchased a townhouse in Cary, N.C., from its original owner, Marshall Lyle Gurley, Sr. ("Mr. Gurley"). The townhouse, built in 1994, had been finished externally with Exterior Insulation and Finish System ("EIFS"), a synthetic stucco product. Plaintiffs lived in New York City prior to moving to Cary. A few months after moving into the townhouse, plaintiffs learned from television advertisements that there had been litigation in North Carolina regarding homes finished with synthetic stucco due to moisture intrusion through the product and resulting structural damage. On 2 June 2000, plaintiffs filed this suit against defendant Preston Falls East, L.L.C., ("Preston Falls"), the developer from which Mr. Gurley had originally purchased the home; defendant Fogleman, the general contractor; defendant Reynolds, the subcontractor that applied the EIFS; and defendant Sto Corp., the manufacturer of EIFS.

In their depositions, both plaintiffs claimed that, prior to purchasing their townhouse, they were not aware of the problems experienced with EIFS and, had they known, they would not have purchased their townhouse. Mr. Swain stated that both their real estate agent, Jim Jones, prior to closing, and Mr. Gurley, at closing,

had told them that the EIFS would not be problematic as long as it was properly maintained. Several of the documents plaintiffs received prior to either contracting to purchase the townhouse or closing on the sale referred to the EIFS used on their townhouse. In particular, at the signing of the offer to purchase the townhouse on 12 February 1999, plaintiffs signed a Residential Property Disclosure Statement that encouraged purchasers to obtain their own inspection of the property. As an addendum to the purchase contract, they also signed a Synthetic Stucco System Disclosure stating that:

> [t]his home has been constructed with a synthetic stucco system. Other homes featuring the same or similar stucco system have experienced structural problems due to moisture absorption and rotting wood beneath the stucco facade. Any questions regarding the stucco on this home or warranty coverage for stucco-related problems should be directed to the builder and/or seller.

Prior to closing, plaintiffs received a copy of an inspection report and memorandum from 1998 that disclosed at least one area of high moisture intrusion and two areas of medium moisture intrusion on the townhouse. This report, issued by defendant Reynolds, had been commissioned by the property manager of the townhouse complex and the memorandum from the property manager stated that the EIFS was the homeowner's responsibility, that high moisture readings should be addressed quickly, and that owners might consider replacing their EIFS completely. Mr. Swain stated in his deposition that Jim Jones advised him the problems discovered in their unit had been corrected. Plaintiffs did have the house inspected prior to closing, but the inspector expressly stated in the inspection report that he was not qualified to evaluate the EIFS and thus did not inspect it.

After filing suit against defendants, plaintiffs had the EIFS on their townhouse inspected on 1 March 2001. The inspection revealed numerous installation defects and areas of moisture intrusion, and the inspection firm recommended that plaintiffs have the EIFS removed and replaced. The inspection firm also stated in its report that EIFS was defectively designed and manufactured and that poor installation could aggravate the problems and damage that would naturally result from the defective product. Plaintiffs' expert witness, engineer Ronald Wright, stated in his deposition that Sto Corp.'s specifications for installation of EIFS required a level of perfection beyond that of standard construction workmanship and that, in his opinion, even homes with near perfect application of EIFS would

eventually require removal and replacement with a different exterior cladding system. Mr. Wright also noted that although EIFS-related problems and damage were detected as early as 1989 to 1993, they were not widely understood by the construction industry until late 1995. According to Mr. Wright, the N.C. State Building Code first prohibited the use of EIFS (without a 20-year express warranty) in new construction in June 1996.

Plaintiffs apparently agreed to a voluntary dismissal of claims against Preston Falls. In addition, due to settlement of a 1996 EIFS class action suit against it, Sto Corp. moved for and was granted summary judgment based on the doctrine of *res judicata. See Ruff v. Parex, Inc.*, 131 N.C. App. 534, 508 S.E.2d 524 (1998), *writs dismissed*, 352 N.C. 149, 543 S.E.2d 894 (2000) (manufacturers subsequently settled). Plaintiffs have not appealed from the order of summary judgment for Sto Corp., nor have they filed suit against Jim Jones or Mr. Gurley.

Plaintiffs' complaint alleged claims against defendants Fogleman and Reynolds for (1) negligence, (2) breach of implied warranty of merchantability, (3) negligent misrepresentation, (4) gross negligence, (5) unfair and deceptive practices, and (6) negligence *per se.* Plaintiffs made an additional claim of breach of implied warranty of fitness for a particular purpose against defendant Fogleman. Briefly summarized, these claims are based on the negligent selection of EIFS for use in constructing plaintiffs' home, the negligent application or supervision of application of EIFS to plaintiffs' home, and the sale of the home without remedying or disclosing the defects associated with the EIFS and its negligent application. Both Fogleman and Reynolds filed motions for summary judgment in August 2001. The trial court granted the motions, holding that there were no genuine issues of material fact to be decided.

On appeal, plaintiffs argue that the trial court erred in granting summary judgment for defendants Fogleman and Reynolds because there are genuine issues of material fact (1) as to whether plaintiffs were contributorily negligent and (2) as to whether Fogleman and Reynolds were negligent in constructing and applying the EIFS to plaintiffs' townhouse. Although plaintiffs assigned error to other aspects of the trial court's order of summary judgment, they did not address them in their brief. Those assignments of error not addressed in plaintiffs' brief are deemed abandoned. N.C.R. App. P. 28(a), (b)(6) (2002).

Pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, the entry of summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2002).

> The party moving for summary judgment has the burden of showing that there is no triable issue of material fact. On a motion for summary judgment, "the forecast of evidence and all reasonable inferences must be taken in the light most favorable to the nonmoving party."
>
> Issues of contributory negligence, like those of ordinary negligence, are ordinarily questions for the jury and are rarely appropriate for summary judgment. Only where the evidence establishes the plaintiff's own negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted.

*Nicholson v. American Safety Util. Corp.*, 346 N.C. 767, 774, 488 S.E.2d 240, 244 (1997) (citations omitted).

"Actionable negligence occurs when a defendant owing a duty fails to exercise the degree of care that a reasonable and prudent person would exercise under similar conditions, or where such a defendant of ordinary prudence would have foreseen that the plaintiff's injury was probable under the circumstances." *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 473, 562 S.E.2d 887, 892 (2002) (citations omitted). Where a "person having the capacity to exercise ordinary care . . . fails to exercise such care, and such failure, concurring and cooperating with the actionable negligence of defendant contributes to the injury complained of, he is guilty of contributory negligence. Ordinary care is such care as an ordinarily prudent person would exercise under . . . similar circumstances to avoid injury." *Clark v. Roberts*, 263 N.C. 336, 343, 139 S.E.2d 593, 597 (1965). In North Carolina, a finding of contributory negligence poses a complete bar to a plaintiff's negligence claim. *See Love v. Singleton*, 145 N.C. App. 488, 550 S.E.2d 549 (2001).

Plaintiffs first argue that the trial court erred in granting summary judgment for Fogleman and Reynolds because there were material issues of fact with regard to plaintiffs' alleged contributory negligence. Plaintiffs rely primarily on their asserted ignorance of the

widespread problems with synthetic stucco construction in North Carolina and of the defects in the EIFS in their townhouse, as well as the assurances they received from their real estate agent and the seller of the home. They assert that Jim Jones had a duty to disclose to them all material information concerning the townhouse property and, therefore, their reliance on his assurances regarding the EIFS was reasonable. They also contend that their failure to make further inspections after receiving a copy of the 1998 stucco inspection report and memorandum did not constitute contributory negligence as a matter of law. Specifically, they argue that they did not own the house in 1998 and thus the report and memorandum were not directed to them. Because they received assurances from Jim Jones that any defects mentioned in the report had been addressed, their failure to follow up independently should not bar recovery from defendants. We disagree.

In *Robertson v. Boyd*, 88 N.C. App. 437, 363 S.E.2d 672 (1988), this Court held that the plaintiffs' claim of negligence against a termite inspection company was barred due to contributory negligence. The plaintiffs in *Robertson* discovered substantial termite damage under their house after purchasing it. As a condition to purchasing the house, they had requested a termite inspection report from the sellers. This report noted some obvious damage, but also expressly stated that large portions of the house were not inspected due to inaccessibility and recommended further inspection. The *Robertson* Court held that the "plaintiffs' failure to make further inspections when such inspections were actually recommended by defendant constituted contributory negligence as a matter of law." *Id.* at 444, 363 S.E.2d at 677.

Plaintiffs argue that *Robertson* differs from the present case because plaintiffs never noticed any obvious damage to the stucco as the plaintiffs did in *Robertson*. More importantly, they argue that they "were never advised by anyone to obtain an inspection of their synthetic stucco." To the contrary, at the same time they signed the Synthetic Stucco System Disclosure, plaintiffs signed the Residential Property Disclosure Statement which stated (directly above their signatures) "[p]urchaser(s) are encouraged to obtain their own inspection." They then received the 1998 memorandum and report indicating known areas of moisture intrusion on the townhouse they were about to purchase. Plaintiffs did obtain an inspection of the home, but the inspector expressly stated in his report to plaintiffs that the stucco siding was beyond his expertise and thus it was

SWAIN v. PRESTON FALLS E., L.L.C.

[156 N.C. App. 357 (2003)]

not inspected for moisture intrusion. That the inspector did not go on to recommend further inspections is immaterial where the inspection report made clear that a complete inspection of the townhouse had not been performed. Considering the indications plaintiffs received that synthetic stucco, and the EIFS on Mr. Gurley's townhouse in particular, was problematic, their failure to engage the services of a qualified inspector to inspect the EIFS system before they purchased the townhouse constitutes contributory negligence as a matter of law.

Furthermore, neither the assurances plaintiffs received from their realtor and the seller, nor plaintiffs' claimed reliance on those assurances, change this analysis. The record on appeal indicates that plaintiffs received adequate notice of problems with EIFS generally and on their townhouse to give rise to a duty to obtain an inspection of the EIFS to protect themselves from an unwise real property purchase. Assuming, *arguendo*, that plaintiffs were entitled to rely on the statements made by Jim Jones or Mr. Gurley, plaintiffs' testimony that they would not have bought the townhouse but for the reassuring statements shows, if anything, that the statements, and not any acts by Fogleman or Reynolds, were the proximate cause of plaintiffs' injury. *See Tise v. Yates Constr. Co.*, 345 N.C. 456, 480 S.E.2d 677 (1997) (intervening or superseding acts by criminal or negligent third party may preclude liability of initial negligent actor where intervening act was not reasonably foreseeable to initial negligent actor). Because we hold that the trial court did not err in entering summary judgment for defendants Fogleman and Reynolds based on the evidence of plaintiffs' contributory negligence, we need not address plaintiffs' second argument.

Affirmed.

Judges HUDSON and STEELMAN concur.