C. WAYNE CRAWFORD and LYNN P. CRAWFORD, PLAINTIFFS v. COLON S. MINTZ, JR., WILLIAM R. OWENS, and BFD PROPERTIES, INC. D/B/A RE/MAX PROPERTY ASSOCIATES, DEFENDANTS

No. COA07-141-2

(Filed 17 March 2009)

**1. Real Property— erroneous listing—negligence action—instructions on contributory negligence denied**

There was no likelihood that a failure to instruct on contributory negligence as requested misled the jury in an action arising from an erroneous real estate listing. The court instructed the

CRAWFORD v. MINTZ

[195 N.C. App. 713 (2009)]

jury on negligent misrepresentation, so that the jury was required to find that plaintiffs had exercised due care and were not contributorily negligent in order to decide the issue of negligent misrepresentation for plaintiffs.

**2. Appeal and Error— preservation of issues—failure to object at trial**

Defendants' failure to object at trial precluded them from raising on appeal the question of whether the trial court erred by refusing to re-instruct the jury on the elements of negligent misrepresentation.

**3. Appeal and Error— argument on appeal—inadequately presented**

An argument on appeal was dismissed where it consisted of one paragraph, about a third of a page, which contained no standard of review and no citations.

**4. Costs— attorney fees—erroneous real estate listing—negligence action**

The trial court erred by granting defendants' motion for partial summary judgment on attorney fees in a negligent misrepresentation action arising from an erroneous real estate listing. The decision to deny attorney fees was based on a case that involved breach of contract, not negligent misrepresentation, and plaintiffs were not barred as a matter of law from recovering attorney fees pursuant to N.C.G.S. § 6-21.1.

Appeal by Plaintiffs from order entered 25 July 2003 by Judge Alice Stubbs in District Court, Wake County; from order entered 29 December 2004 by Judge Jane Gray in District Court, Wake County; and from order entered 11 May 2006 by Judge James R. Fullwood in District Court, Wake County. Appeal by Defendants from order entered 11 May 2006 *nunc pro tunc* 25 July 2005 by Judge James R. Fullwood in District Court, Wake County; and from judgment entered 11 May 2006 by Judge James R. Fullwood in District Court, Wake County. Heard in the Court of Appeals originally on 12 September 2007, and opinion filed on 4 December 2007. Remanded to the Court of Appeals for consideration of the remaining assignments of error by order of the North Carolina Supreme Court on 12 December 2008.

*Everett, Gaskins, Hancock & Stevens, LLP, by E.D. Gaskins, Jr. and Michael J. Tadych, for Plaintiffs.*

*McDaniel & Anderson, LLP, by John M. Kirby and William E. Anderson, for Defendants.*

McGEE, Judge.

This case arises from a real property transaction between Plaintiffs, as the purchasers, and Thomas and Lois Proctor (the Proctors), as the sellers. The Proctors hired Colon S. Mintz, Jr. (Mintz), a real estate agent with BFD Properties, Inc., d/b/a Re/Max Property Associates (Re/Max), to list their house (the property) for sale. William R. Owens was the supervising broker in charge of the Re/Max office in which Mintz worked.

The Multiple Listing Service (MLS) is a service used by real estate agents and brokers to list and obtain information about houses for sale. Mintz, as part of his duties as the Proctors' agent, entered information into the MLS stating that the property was connected to the city sewer system when, in fact, the property was connected to a septic system. Plaintiffs' real estate agent obtained a copy of the MLS report, which included the incorrect statement that the property was connected to the city sewer system, and shared the report with Plaintiffs. Plaintiffs ultimately purchased the property in March of 1998. In March of 2000, after raw sewage began emerging from the property's lawn, Plaintiffs discovered that the house was serviced by a septic tank, and was not connected to the city sewer system. Plaintiffs paid to have the septic system serviced on two occasions and later paid to have the property connected to the city sewer system.

Plaintiffs filed a claim for negligent misrepresentation against the Proctors. Plaintiffs also filed a claim for negligent misrepresentation against Mintz, Owens, and Re/Max, (Defendants) on 13 November 2001, alleging that Plaintiffs reasonably relied upon the statement in the MLS that the property was connected to the city sewer system. Plaintiffs also filed a claim against Defendants for unfair and deceptive trade practices. Plaintiffs' complaint included a request for attorneys' fees. The trial court granted summary judgment in favor of Defendants on the question of attorneys' fees by order entered 25 July 2003. Plaintiffs dismissed their claim against the Proctors on 29 October 2004. The trial court granted Defendants' summary judgment motion as to Plaintiffs' unfair and deceptive trade practices claim by

order entered 29 December 2004. Plaintiffs then proceeded to trial on their remaining negligent misrepresentation claim against Defendants on 31 October 2005. At the close of Plaintiffs' evidence, Defendants moved for a directed verdict. The trial court denied Defendants' motion. The jury found Defendants liable to Plaintiffs in the amount of $7,278.00, a sum roughly equal to Plaintiffs' cost of repairing the septic tank and connecting the property to the city sewer system.

Plaintiffs renewed their motion for attorneys' fees, but the trial court denied Plaintiffs' motion. Plaintiffs appealed the trial court's grant of summary judgment to Defendants on the issue of attorneys' fees, and the trial court's denial of Plaintiffs' renewed motion for attorneys' fees. Defendants appealed the final judgment against them. This Court, by a divided panel, reversed the trial court's denial of Defendants' motion for a directed verdict, holding that Plaintiffs had failed to satisfy a requisite element of the charge of negligent misrepresentation. *Crawford v. Mintz*, 187 N.C. App. 378, 653 S.E.2d 222 (2007) (*Crawford I*). Our Supreme Court reversed our decision in *Crawford I*, adopting Judge Steelman's dissent in that opinion, and remanded to this Court to decide the remaining issues on appeal. *Crawford v. Mintz*, 362 N.C. 666, 669 S.E.2d 738 (2008) (*Crawford II*). Additional facts may be found in the *Crawford I* and *Crawford II* opinions.

*Defendants' Appeal*

[1] Defendants' first and second arguments on appeal were decided against them in *Crawford II*. In Defendants' third argument, they contend that the trial court erred in refusing to submit the issue of contributory negligence to the jury. We disagree.

> To prevail on this issue, the plaintiff must demonstrate that (1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury. *Faeber v. E. C. T. Corp.*, 16 N.C. App. 429, 430, 192 S.E.2d 1, 2 (1972) (upholding instruction on grounds that it "sufficiently covered the meaning of the terms" that defendant requested the trial court to define in its charge to jury).

> When a request is made for a specific jury instruction that is correct as a matter of law and is supported by the evidence, the trial

court is required to give an instruction expressing "at least the substance of the requested instruction." On appeal, this Court "must consider and review the challenged instructions in their entirety; it cannot dissect and examine them in fragments," in order to determine if the court's instruction provided "the substance of the instruction requested[.]"

*Liborio v. King*, 150 N.C. App. 531, 534, 564 S.E.2d 272, 274-75 (2002) (citations omitted).

Where a "person having the capacity to exercise ordinary care . . . fails to exercise such care, and such failure, concurring and cooperating with the actionable negligence of defendant contributes to the injury complained of, he is guilty of contributory negligence. Ordinary care is such care as an ordinarily prudent person would exercise under . . . similar circumstances to avoid injury." In North Carolina, a finding of contributory negligence poses a complete bar to a plaintiff's negligence claim.

*Swain v. Preston Falls East, L.L.C.*, 156 N.C. App. 357, 361, 576 S.E.2d 699, 702 (2003) (citations omitted).

In the case before us, the trial court instructed the jury that in order to find for Plaintiffs, the jury must determine that Plaintiffs proved they actually relied upon false information supplied by Defendants, and that Plaintiffs' actual reliance was justifiable. The trial court further instructed that:

Reliance is justifiable if under the same or similar circumstances a reasonable person, in the exercise of ordinary care, would not have discovered that the information was false or would have relied on the false information. In this case, [P]laintiffs' reliance would be justified only if they could not have discovered the truth about the property's condition by exercise of reasonable diligence or if they were induced to forgo additional investigation of the property by [Defendants' actions].

"To establish contributory negligence, a defendant must demonstrate: '(1) a want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury.' " *Seay v. Snyder*, 181 N.C. App. 248, 251, 638 S.E.2d 584, 587 (2007) (citation omitted). By the trial court's instruction on negligent misrepresentation, it required the jury to find that Plaintiffs had proved they exercised due care in relying on Defendants' representation, and that Plaintiffs could not have discovered that the property was not con-

nected to the city sewer system through the exercise of due care. This instruction therefore required the jury to make a determination that Plaintiffs were not contributorily negligent in order for the jury to decide the issue of negligent misrepresentation in Plaintiffs' favor. Further, unlike an instruction on contributory negligence, where the burden of proof would have been on Defendants, the burden of proof for negligent misrepresentation remained with Plaintiffs.

The trial court explained it was following reasoning in the North Carolina Pattern Jury Instructions stating that giving instructions for both negligent misrepresentation and contributory negligence could result in an inconsistent verdict. A finding by the jury that a defendant had committed negligent misrepresentation would necessarily indicate that the plaintiff had not been contributorily negligent, yet the jury could then make a separate determination that the plaintiff was contributorily negligent. N.C.P.I.-Civil 800.10, note 4 (May 1992). We find the above reasoning in the North Carolina Pattern Jury Instructions persuasive.

In light of the trial court's instruction on negligent misrepresentation, which placed the burden on Plaintiffs to prove they exercised due care in inspecting the property before closing, we hold that the instruction given, considered in its entirety, did not fail to encompass the substance of the law requested, and that there is no likelihood that the failure to instruct on contributory negligence misled the jury. *Liborio*, 150 N.C. App. at 534, 564 S.E.2d at 274-75. In addition, Defendants failed to argue in their brief that the trial court's decision not to instruct the jury on contributory negligence likely misled the jury. Defendants' argument is without merit.

[2] In Defendants' fourth argument, they contend the trial court erred in refusing to re-instruct the jury on the elements of negligent misrepresentation. We disagree.

During its deliberations, the jury sent the trial court a note asking: "Can the jury have a copy of the six elements or the list of jury instructions?" The trial court decided it would not give the jury a copy of the jury instructions, and neither Plaintiffs nor Defendants objected. The trial court then decided it would simply answer the jury's question in the negative. Plaintiffs, Defendants, and the trial court all agreed that if the jury specifically asked to be re-instructed on negligent misrepresentation, the trial court would do so. Defendants never objected to the trial court's decision in response to the jury's question, and the jury never asked to have the instruc-

tion on negligent misrepresentation read to them again. Because Defendants did not raise this issue at trial, they are precluded from raising it for the first time on appeal, and we dismiss their argument. N.C.R. App. P. 10(b)(1); *see also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 195-96, 657 S.E.2d 361, 363-64 (2008).

[3] Defendant's fifth argument violates our rules of appellate procedure. It consists of one paragraph, approximately one-third of a page in length, which contains no standard of review, and no citations in support of Defendants' argument; in fact, no citations at all. This argument is dismissed. N.C.R. App. P. 28(b)(6); *Dogwood*, 362 N.C. at 200, 657 S.E.2d at 367.

*Plaintiffs' Appeal*

[4] In Plaintiffs' first argument, they contend that the trial court erred in granting Defendants' motion for partial summary judgment, which precluded Plaintiffs from recovering attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1. We agree.

> In any . . . property damage suit . . . instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C. Gen. Stat. § 6-21.1 (2008).

> The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that [it] is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations. This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope.

*Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973) (citations omitted).

The order granting Defendants' motion for partial summary judgment was entered by Judge Alice Stubbs on 25 July 2003. Following

the jury verdict in Plaintiffs' favor on the issue of negligent misrepresentation, Plaintiffs renewed their motion for attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.1 on 18 November 2005. Judge Fullwood, the trial judge, denied Plaintiffs' renewed motion for attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.1 on 11 May 2006, stating that he was "barred or precluded from considering Plaintiffs' Motion for Attorney fees by the Order entered in this action by Judge Stubbs[.]"

Though Judge Stubbs' order does not state the specific basis for her ruling that Plaintiffs' motion for attorneys' fees should be denied as a matter of law, the record indicates that Judge Stubbs found *Hicks v. Clegg's Termite & Pest Control, Inc.*, 132 N.C. App. 383, 512 S.E.2d 85 (1999), dispositive. *Hicks* was a contract case in which our Court held that N.C. Gen. Stat. § 6-21.1 did not apply to contract cases, even when a breach of contract may have led to property damage. *Id.* The case before us is not a contract case, but a negligence case based upon negligent misrepresentation. *See Whitley v. Durham*, 256 N.C. 106, 122 S.E.2d 784 (1961); *Stanford v. Owens*, 46 N.C. App. 388, 395, 265 S.E.2d 617, 622 (1980). We hold that the plain language of the statute allows the trial court, in its discretion, to award attorneys' fees in negligence cases resulting in property damage where the award is $10,000.00 or less. It was error to grant Defendants' motion for partial summary judgment, as Plaintiffs were not barred as a matter of law from recovering attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.1. We remand to the trial court for consideration of Plaintiffs' renewed motion for attorneys' fees, considering all relevant factors. *See Washington v. Horton*, 132 N.C. App. 347, 513 S.E.2d 331 (1999).

In light of our holding, we do not address Plaintiffs' second argument on appeal.

Affirmed in part, reversed and remanded in part.

Judges ELMORE and STEELMAN concur.